J-S06028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| SCOT A. REINERT | : | |
| Appellant | : | No. 1836 EDA 2016 |

Appeal from the PCRA Order May 10, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001128-1991

BEFORE: MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED MAY 16, 2017**

Appellant, Scot A. Reinert, *pro se* appeals from the order entered May 10, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In January 1992, a jury found Appellant guilty of first degree murder, and Appellant was sentenced to life imprisonment.[1] Appellant timely filed post-trial motions, which were denied in November 1994. Thereafter, Appellant filed a direct appeal. In January 1996, this Court affirmed his judgment of sentence. *See Commonwealth v. Reinert*, 677 A.2d 1267

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

(Pa. Super. 1996) (unpublished memorandum). In September 1996, the Supreme Court of Pennsylvania denied allowance of appeal. *Commonwealth v. Reinert*, 682 A.2d 309 (Pa. 1996). Appellant filed a petition for writ of certiorari, which was denied in October 1997. *Reinert v. Pennsylvania*, 118 S.Ct. (1997).

In May 2012, Appellant *pro se* filed his first PCRA petition, asserting trial counsel was ineffective by failing to convey a plea offer to Appellant.[2] Court-appointed counsel filed an amended PCRA incorporating Appellant's argument and asserted that the Supreme Court of the United States recognized new constitutional rights in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) (recognizing that a defendant has the right to effective assistance of counsel in considering whether to accept a plea bargain, and if, as a result of the deficient performance of counsel, loss of a plea bargain led to a conviction on more serious charges or a more severe sentence imposed, prejudice can be shown), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012) (recognizing that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). The PCRA court denied Appellant's petition as untimely in January 2013. This Court affirmed

---

[2] In trial counsel's affidavit dated August 21, 2012, counsel recalled that she received a plea offer on Appellant's behalf, but did not convey the plea offer to Appellant. *See* Motion to Compel Discovery, 9/13/2013, Exhibit A.

that decision in February 2014. *Commonwealth v. Reinert*, 97 A.3d 804 (Pa. Super. 2014) (unpublished memorandum).

In March 2016, Appellant *pro se* filed the instant petition, effectively seeking reconsideration of his first PCRA. According to Appellant, the U.S. Supreme Court decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), allowed the PCRA court to apply the principles recognized in *Lafler* and *Frye* retroactively. Memorandum of Law in Support of the PCRA Petition, 3/15/2016, at 1-7. The court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Appellant timely objected, asserting both PCRA counsel and trial counsel rendered ineffective assistance. In May 2016, the PCRA court dismissed Appellant's petition as untimely. Appellant timely appealed, and the PCRA court did not order a 1925(b) statement of errors complained of on appeal and did not issue an opinion.

Appellant raises the following issues for our review:

1. Did the lower court err in the petitioner's original Post [Conviction] Relief Act proceeding by not liberally [construing] trial attorney's affidavit/statement as newly discovered facts?

2. Was [Appellant's] Post [Conviction] Relief Act attorney ineffective for not submitting newly discovered facts?

3. Did petitioner fashion and [submit] a proper layered ineffective assistance of counsel(s) claim?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

- 3 -

by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Initially, we address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have

been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[3] Accordingly, Appellant must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267. However, Appellant neither pleads nor proves an exception to the time bar. Rather, Appellant seeks reconsideration of the claims in his first untimely PCRA, filed in 2012. Appellant is precluded from re-litigating the *Lafler* and *Frye* claims as "a PCRA petitioner cannot obtain additional review of previously litigated claims by presenting new theories of relief ...." *Commonwealth v. Sneed*, 45 A.3d 1096, 1112 (Pa. 2012) (citation omitted); *see also* 42 Pa.C.S. § 9544(a)(3).[4]

---

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on October 6, 1997, when the Supreme Court of the United States denied his petition for writ of certiorari. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed March 15, 2016, was filed over eighteen years late. *See Bennett*, 930 A.2d at 1267.

[4] Appellant also claims that PCRA counsel *from his first PCRA* was ineffective. Appellant's Brief at 9-10. Appellant clearly failed to raise the issue of counsel's ineffectiveness at the first possible opportunity, in his instant petition, and accordingly, it is waived. PCRA Petition, 3/15/2016; *see Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012) ("issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court."). Moreover, claims of counsel's ineffectiveness must meet the timeliness requirements of the PCRA, and as Appellant does not plead or prove an exception to the time

*(Footnote Continued Next Page)*

To the extent that Appellant relied on *Montgomery* in his petition, his reliance is misplaced, as that case recognized the retroactive applicability of *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (finding mandatory life sentences for juvenile offenders to violate the Eighth Amendment), and Appellant was not a juvenile at the time he committed the offense herein. However, Appellant appears to abandon any reliance on *Montgomery*, as there is no mention of that case in his brief.

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

*(Footnote Continued)* ─────────

bar, this claim is waived as untimely. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."); *see also Gamboa-Taylor*, 753 A.2d at 785-86. In light of our disposition of this argument, Appellant's assertion that he submitted a proper layered ineffective assistance of counsel claim must also fail. *See* Appellant's Brief at 10-15.